Opinion of the Court. — The first question which 1S made m this case, is, whether, trom the contract between the parties, it is a mortgage or a conditional sale ?
There is great difficulty in drawing the true distinction between these modes of transfer. 1 he intention of the parties, where it can be clearly ascertained, must govern jn this, as well as every other case arising upon contract, 4>⅛1 the parties contemplate a purchase, and nx a pnce ; or was a loan of money, and a security, only intended Í ⅛*8 transaction not a word of purchasing the slave is mentioned, nor is any price fixed for which Lansdale was willing to part with him. On the contrary, it is ad *7 mitted that application was made for a loan of money, and the negro pledged for the use of it; nay, Reed himself states that Lansdale applied to him for the sum of 125/. for which he would give him, in mortgage, the negro man named Frank ; from which, as well as the bill of sale and other parts of the transaction, it is evident that a sale was never in the contemplation of the parties.
The equitable rule in redeeming when the mortgagee is in pi’flWHyn, is col charge the profits of the mu. t-gaged property againft principal and inte reft. The mortgagor fhould on redeeming pay al|. tquirab.easweli as le¿a¿ demands He ih-uld therefore pay ali fmthe# advances made by the monga* gee to him, inhere ft thereon. An agreement to fet the hire of a regro matt Wurth »2/. pee year agamft rhe inteieftof 125/. is so far void as to let in the borrower to releen» the property 0» the aboveterms* but it does noc vitiate thewhclcr contra#.
A chancellor may itx the va - lue ot property i unlefs hedoubt» it is notnecelfc-ry for him t® dire# an ifiW to afeertain the value.
On a bill to re* deem it ia erroneous to decreet the mortgaged property co he given up before the fum due to the mortgage© is paid or ten*
It is clearly and evidently a mortgage, and Lansdale entitled to a redemption of the slave upon the usual terms, viz. upon the payment of the 125/. with interest thereon, together with the further sum of ¡S 40, paid as hire, with interest thereon, and the amount of the fee. bills which were put into the hands of the sheriff of Washington county, due from Lansdale to Reed, and which were enjoined, with interest thereon. And Reed is to be accountable for the hire of the slave, at the rate of 22/. per annum, from the time when he received him until he shall be re-delivered. This sum is conceived to have been equitably fixed by the court below, and unless a chancellor doubts upon such subjects, it is not necessary to direct an issue to ascertain the value ; at least he is not obliged to do so. The agreement to set the hire of the slave against the interest of the money, is so far usurious and void, but no faither; and the decree of the inferior court setting aside the contract entirely, is therefore erroneous ; as also in not allowing Reed interest on the several sums of money above recited, as the usual and settled mode in mortgages, where the mortgagee is in possession, is to charge the profits against principal and interest. There is also error in the said decree, in making the injunction perpetual as to the fee-bills due from Lansdale to Reed; for a mortgagor, before he is permitted to redeem, must satisfy all equitable, as well as legal demands.* It was also erroneous. to decree that the slave should be delivered before the sum due Reed was paid or tendered to him.

 See the eafe of Scuth vs. Learey, poft, as to íntereft.
In what cafes advances made by the mortgagee to the mortgagor, pofterror tó the mortgage, can be conmeted with the mortgage money, and muft be.paid-off,wish it—See 1 Pr. Wms. 776—2. Stra. 1107—1 Eq. ca. ab. 324—3 Eq. ca. ab 594—2 Fonb. 271—2 Atk. 54—2 Vez. 662—1 Ves. jur. 513—2 Ves. jur. 376—3 Bro. Ch. rep. 162—5 Bac. ab. (Guil. ed.) 80.